IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| KING C. LUM, | ) | Civ. No. 06-00068 SOM/LEK |
| | ) | |
| Plaintiff, | ) | |
| | ) | ORDER GRANTING DEFENDANT |
| vs. | ) | MICHAEL H. TRESLER'S MOTION |
| | ) | FOR SUMMARY JUDGMENT |
| KAUAI COUNTY COUNCIL, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

ORDER GRANTING DEFENDANT MICHAEL H. TRESLER'S
MOTION FOR SUMMARY JUDGMENT

I.        INTRODUCTION.

On May 18, 2007, this court granted summary judgment against Plaintiff King C. Lum on the Fourth Claim for Relief in his Fourth Amended Complaint.  On July 31, 2007, Defendant Kauai County Director of Finance Michael H. Tresler moved for summary judgment on the remaining claims asserted against him in the Fourth Amended Complaint.  Because Lum fails to raise a genuine issue of fact as to whether Tresler conspired against him because of his race, summary judgment is granted in favor of Tresler on the Third Claim for Relief.

To the extent Lum asserts a § 1981 claim against Tresler, summary judgment is granted in favor of Tresler.  Lum waived his § 1981 claims against Tresler.  Even if Lum had not waived his § 1981 claims against Tresler, those claims would fail because Lum presents no evidence indicating that Tresler discriminated against Lum because of Lum's race.

Summary judgment is also granted in favor of Tresler on the Fifth Claim for Relief (Hawaii Whistleblowers Protection Act), as Lum has conceded that summary judgment on that claim is appropriate.

II.      LEGAL STANDARD.

The summary judgment standard was set forth in this court's May 18, 2007, order.  That standard is incorporated herein by reference.

III.     BACKGROUND FACTS.

The factual background was also set forth in this court's May 18, 2007, order.  That factual background is incorporated by reference and is supplemented herein as necessary.

IV.      ANALYSIS.

A.      Because Lum Has No Evidence That Tresler Conspired to Remove Him as Chief of Police Because of His Race, Summary Judgment is Granted In Favor of Tresler on the Third Claim for Relief (§ 1985).

Lum's Fourth Amended Complaint asserts that Tresler violated 42 U.S.C. § 1985 by conspiring to deprive him of rights because of Lum's race.  See Fourth Amended Complaint, Third Claim for Relief (May 8, 2007).  Lum claims that the object of the conspiracy was to remove him from the position of Chief of Police for the County of Kauai.  See Plaintiff's Memorandum in Opposition (Aug. 30, 2007) at 34.  Tresler moves for summary judgment, arguing in relevant part that, when he took steps to

2

remove Lum as Chief of Police, he was not motivated by Lum's race.  As Lum submits no evidence indicating that Tresler conspired against him because of his race, this court grants summary judgment in favor of Tresler on the Fourth Claim for Relief--Civil Conspiracy.

Section 1985 contains discrete substantive clauses. Lum says that he is asserting violations of the second clause of § 1985(2) and the first and second clauses of § 1985(3).[1]  The second clause of § 1985(2) provides a cause of action if:

> two or more persons conspire for the purpose of impeding, hindering, obstructing, or defeating, in any manner, the due course of justice in any State or Territory, with intent to deny any citizen the equal protection of the laws, or to injure him or his property for lawfully enforcing, or attempting to enforce, the right of any person, or class of persons, to the equal protection of the laws.

The first clause of § 1985(3) prohibits private conspiracies to deny equal protection of the laws.

The second clause of § 1985(3) prohibits conspiracies "for the purpose of preventing or hindering the constituted authorities of any State or Territory from giving or securing to all persons within such State or Territory the equal protection

---

[1] The first clause of section 1985(2) concerns conspiracies to obstruct justice in the federal courts, or to intimidate a party, witness or juror in connection therewith. The third clause of § 1985(3) concerns conspiracies to interfere with federal elections.  Lum says that he is not asserting violations of these clauses.

3

of the laws." This clause is simply inapplicable to the present case. Lum offers no evidence that Tresler's actions prevented or hindered any State of Hawaii authority from giving or securing equal protection to any person in the State of Hawaii. Even assuming that the second clause of § 1985(3) could apply to a conspiracy to terminate a county official, Lum identifies no conspiracy to interfere with a public official's ability to provide equal protection. To the contrary, Lum merely contends that his termination impeded the Maui Police Department's ability to enforce drug laws. Enforcement of drug laws, however, does not, on its own, implicate equal protection.[2]

To the extent Lum's Third Claim for Relief is based on the second clause of § 1985(2) and/or the first clause of § 1985(3), Tresler is also entitled to summary judgment. Both clauses require invidiously discriminatory, racial or class-based animus. See Bretz v. Kelman, 773 F.2d 1026, 1028-30 (9th Cir. 1984) (en banc) (holding that racial or class-based

---

[2]Lum's reliance on Brewer v. Hoxie Sch. Dist., 238 F.2d 91 (8th Cir. 1956), to demonstrate a violation of the second clause of § 1985(3) is misplaced. In Brewer, a school board desegregated a school system. The defendants then attempted to obstruct that desegregation. The Eighth Circuit determined that the school board could assert a claim against the defendants under the second clause of § 1985(3), because the defendants had conspired to hinder state authorities from giving or securing equal protection to the children in the desegregated schools. Id. at 103-04. By contrast, Lum offers no evidence that Tresler conspired with others to hinder state authorities from securing equal protection to others.

discrimination is required for claims under the second clause of § 1985(2) and the first clause of § 1985(3)).  "To establish racial or class-based animus, a plaintiff must show 'invidiously discriminatory motivation . . . behind the conspirators' action.'"  Usher v. City of Los Angeles, 828 F.2d 556, 561 (9th Cir. 1987) (quoting Griffin v. Breckenridge, 403 U.S. 88, 102 (1971)).

The only evidence of a race-based animus that Lum presents is an October 14, 2004, email by Leon Gonsalves, Sr., a police commissioner for the Kauai Police Department.  In that email, Gonsalves refers to Lum as "HOP-SING," which Lum says is a derogatory term for a person of Chinese descent.  See Ex. J attached to Lum's Concise Statement (Aug. 30, 2007).  Lum submits no evidence that Tresler conspired with Gonsalves or others to discriminate against Lum based on Lum's race.  At most, Tresler's deposition testimony indicates that Tresler thought that the press blew Gonsalves's email out of proportion.  See Deposition of Michael Tresler (Jan. 30, 2007) at 126.  Tresler also testified that he attended a meeting at which the Kauai County Council decided not to remove Gonsalves as a police commissioner. Tresler personally agreed with that decision, noting that Lum had stated that he could continue to work with Gonsalves.  id. at 91-93.  Nothing in the record indicates that Tresler entered into any agreement that Gonsalves would call Lum "HOP-SING."  Nor is

5

there anything in the record relating to a racial bias against Lum by Tresler.

Lum himself alleges that there was a conspiracy totally unrelated to race.  He posits a conspiracy to have him terminated in retaliation for his having turned in Tresler's friends for inappropriate behavior.  Lum says that, in 1995, he oversaw an undercover operation into the Fanta-See Express exotic dance group.  Declaration of King C. Lum (Aug. 28, 2007) ¶ 4.  Four women were arrested in connection with that operation, one of whom claimed that officers with the Kauai Police Department inappropriately touched her and took nude photos of her.  Id. ¶ 5.  Lum reported the incident to then-Chief of Police George Freitas.  Id. ¶ 6.  Two officers resigned, and officers Todd Tanaka, Randy Machado, and Melvin Rapozo were fired.  Id. ¶ 7. Tanaka, Machado, and Rapozo were subsequently reinstated.  Id. ¶ 8.  Tanaka and Rapozo were allegedly Tresler's friends, and Machado, now deceased, was Tresler's childhood friend.  Tresler Depo. at 16, 18-19, and 42.  Rapozo is now a Kauai County Councilmember.  Lum says that Gonsalves--the person who allegedly sent the "HOP SING" email--was an investigator for the County of Kauai's prosecutor, see Lum Decl. ¶ 16, and was aware of the Fanta-See Express incident.  See Testimony of Leon Gonsalves, Sr. (Nov. 22, 2004) (attached as Ex. CC).  None of this, even in Lum's account, relates to Lum's race.

6

Equally unrelated to race is the evidence of Tresler's alleged concern about Lum's qualifications to be the Chief of Police and Lum's purported lack of budgetary skills.  See Tresler Depo. at 56-57, 120-121.

Lum's contention that Tresler is responsible for the County of Kauai's failure to preserve evidence pertaining to this case is also unrelated to race.  On September 5, 2006, pursuant to the agreement of the parties to this case, this court ordered, "All evidence relevant in this matter will not be destroyed." See Order Granting Plaintiff's Motion for an Order to Preserve Evidence (Sept. 5, 2006).  Lum says that Tresler participated in the decision to delete all emails older than 90 days from the Kauai County email system.  See Tresler Depo at 113-16.  There is no evidence that Tresler's participation in the decision to delete old emails, including the "HOP SING" email, was related to Lum's race.  Lum has a copy of that email, so any deletion of that email did not affect its availability in this case.  Lum identifies no other deleted email relating to race.

Lum finally argues that some of Tresler's comments indicate that he was part of a conspiracy.  Richard Stauber says that, during a lunch break at a county council meeting, he and Tresler spoke in the parking lot.  See Declaration of Richard Otto Stauber (Aug. 24, 2007) ¶¶ 8-9.  Stauber says that he had the impression that Tresler disliked Lum "for some reason."  Id.

7

¶ 12.  When the topic of the council's refusal to remove Gonsalves from his position as a police commissioner came up, Stauber says that Tresler told him that "we had to come up with another plan."  Id. ¶ 13.  Stauber says that Tresler then told him that "we" went to "Ethics" and removed Mike Ching,[3] another police commissioner, and that "Carol Furtado [, another police commissioner,] will be next."  Id. ¶¶ 15-16.  None of these alleged comments, however, indicates that Tresler conspired with others to discriminate against Lum because of Lum's race.

Because Lum has failed to raise a genuine issue of fact as to whether Tresler conspired against Lum because of Lum's race, Tresler is entitled to summary judgment on Lum's § 1985 claim.  See Bretz, 773 F.2d at 1028-30.

B.  To the Extent the Complaint Asserted a § 1981 Claim Against Tresler, Lum Waived that Claim.

Lum's Second and Third Claims for Relief assert § 1981 claims.  At the hearing, Lum contended that these § 1981 claims included claims against Tresler.  However, Lum had already waived those claims.  In his deposition, Lum was asked whether he was asserting a § 1981 claim against Tresler.  Before answering that question, Lum conferred with his attorney.  Lum then stated that he was not asserting a § 1981 claim against Tresler.  See Deposition of King C. Lum (Jan. 19, 2007) at 583-85.  Lum

---

[3]At the hearing, Lum admitted that Tresler's actions with respect to Mike Ching were not based on Ching's race.

similarly did not dispute Tresler's Concise Statement, which asserted that "Plaintiff is not asserting . . . the Second Claim For Relief against TRESLER." Tresler's Concise Statement (July 31, 2007) ¶ 2; Lum's Concise Statement (Aug. 30, 2007) ¶ 2. Lum has therefore waived his § 1981 claims against Tresler.

Even if Lum had not waived his § 1981 claims against Tresler, Lum could not succeed on a § 1981 claim against Tresler.[4] A prima facie case under § 1981 is established by proof of facts supporting an inference of intentional discrimination. In <u>Gay v. Waiters' and Dairy Lunchmen's Union, Local No. 30</u>, 694 F.2d 531 (9th Cir. 1982), the court said:

> Since a prima facie section 1981 case, like a prima facie disparate treatment case under Title VII, requires proof of intentional discrimination, the focus of the judicial inquiry must be whether the plaintiff has proven by a preponderance of evidence facts from which the court must infer, absent rebuttal, that the defendant was more likely than not motivated by a discriminatory animus. Under both statutes, the court must make a sensitive inquiry into the direct and circumstantial evidence of discrimination

---

[4]42 U.S.C. § 1981(a) states:

All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other.

> offered by the plaintiff in order to
> determine if the facts so proved allow a
> legally-permissible inference of
> discriminatory intent.  Accordingly, it is
> not inappropriate to allow section 1981
> claimants to avail themselves of Title VII
> discriminatory treatment standards in proving
> a prima facie case.

Id. at 538.  The burden-shifting analysis set forth in McDonnell
Douglas Corp. v. Green, 411 U.S. 792, 802-05 (1973), therefore
applies to Lum's § 1981 claim.  Tarin v. County of Los Angeles,
123 F.3d 1259, 1264 (9th Cir. 1997) (applying burden-shifting
analysis to § 1981 claim), superseded by statute on other grounds
as stated in Leisek v. Brightwood Corp., 278 F.3d 895, 899 n.2
(9th Cir. 2001).

Tresler moved for summary judgment "on all remaining
claims against TRESLER set forth in the Fourth Amended
Complaint."  Motion (July 31, 2007) at 1.  Lum was therefore on
notice that, if he was asserting § 1981 claims against Tresler
notwithstanding his earlier waiver of those claims, Tresler was
seeking summary judgment on those claims.  Lum had ample
opportunity at the hearing to address his § 1981 claims.  Lum is
therefore not prejudiced by this court's consideration of whether
Tresler is entitled to summary judgment as to those claims.

Based on the record before the court, it is
questionable whether Lum, had he not waived his § 1981 claims,
would have carried his initial burden of showing actions taken by
Tresler from which one could infer, if such actions remained

10

unexplained, that they were "based on a discriminatory criterion illegal under the Act." Furnco Constr. Corp v. Waters, 438 U.S. 567, 577 (1978). For purposes of this motion, however, the court assumes that Lum would satisfy his burden, as proving a prima facie case is not onerous. Sischo-Nownejad v. Merced Cmty. College Dist., 934 F.2d 1104, 1111 (9th Cir. 1991) ("evidence may be either direct or circumstantial, and . . . the amount that must be produced in order to create a prima facie case is very little") (internal citations omitted), abbrogated on other grounds by statute as state in Dominquez-Curry v. Nev. Transp. Dept., 424 F.3d 1027 (9th Cir. 2005). Under McDonnell Douglas, the burden would then shift to Tresler.

    The record before the court would allow Tresler to easily satisfy his burden of showing a legitimate, nondiscriminatory reason for his actions. This court has already determined that Lum's contract was void, and a void contract provided a nondiscriminatory reason for Tresler's actions. As discussed above, Lum fails to raise a triable issue of fact as to whether Tresler conspired against Lum because of Lum's race, as Lum submits no evidence indicating that Tresler had any racial animus when he voided Lum's contract. To the contrary, Lum's assertion of race discrimination is based entirely on conclusory allegations, which are insufficient to satisfy Lum's summary judgment burden. See Forsberg v. Pac. Northwest Bell Tel. Co.,

11

840 F.2d 1409, 1419 (9th Cir. 1988) (explaining that conclusory allegations of discrimination are insufficient to preclude summary judgment).  As Lum fails to meet his burden of demonstrating that the void contract is a pretext or a cover-up of his discriminatory acts, Tresler is entitled to summary judgment on Lum's § 1981 claims, even assuming they were not waived.

> C.  Lum Has Conceded That Summary Judgment in Favor of Tresler on the Fifth Claim for Relief is Proper.

Tresler has moved for summary judgment on Lum's Fifth Claim for Relief, which is based on the Hawaii Whistleblowers' Protection Act.  Lum has conceded that Tresler is entitled to summary judgment on that claim.  See Opposition at 37 ("Plaintiff will concede Tresler's argument that he is entitled to summary judgment as to the HWPA claim against him.").  Accordingly, summary judgment is granted in favor of Tresler on the Fifth Claim for Relief asserted in the Fourth Amended Complaint.

V.      CONCLUSION.

The court grants summary judgment in favor of Tresler. No claims remain against Tresler.  This order leaves for further adjudication the First, Second, Third, and Fifth Claims for

12

relief, to the extent those claims are asserted against

Defendants County of Kauai, Kauai County Council, Bryan Baptiste,

and Leon Gonsalves, Sr.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, September 25, 2007.



_/s/ Susan Oki Mollway_
Susan Oki Mollway
United States District Judge

**Lum v. Kauai County Council et al.**, **Civ. No. 06-00068 SOM/LEK**; ORDER GRANTING
DEFENDANT MICHAEL H. TRESLER'S MOTION FOR SUMMARY JUDGMENT