IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI`I

```
KING C. LUM,                    )   CIVIL NO. 06-00068 SOM-LEK
                                )
        Plaintiff,              )
                                )
   vs.                          )
                                )
KAUAI COUNTY COUNCIL, ET AL.,   )
                                )
        Defendants.             )
_____ )
```

DISCOVERY ORDER

On December 6, 2007, Albert Cook, Deputy Attorney General, submitted a privilege log and documents for this Court's <u>in camera</u> review. After careful consideration of the documents and the applicable law, this Court finds that the following documents are not protected by any privilege and should be produced:

| | |
|---|---|
| 000592 | Letter from Jerry P.S. Chang to Albert Cook, dated October 19, 2006 |
| 000593 | Letter from Jerry P.S. Chang to Albert Cook, dated October 25, 2006 |
| 000594 | Letter from Jerry P.S. Chang to Albert Cook, dated October 31, 2006 |
| 000595 | Letter from Albert Cook to Jerry P.S. Chang, dated October 27, 2006 |
| 000597-598 | Letter from Clayton C. Ikei to Christopher D. W. Young, dated September 14, 2006. |

    000613                Letter from Albert Cook to Alfred B. Castillo, Jr., dated June 29, 2007

    000614                Letter from Alfred B. Castillo, Jr., to Albert Cook, dated July 3, 2007

The above-described documents are communications between either Plaintiff's counsel in this action or Plaintiff's counsel in the criminal matter and counsel for the State of Hawai`i regarding matters in which Plaintiff and the State of Hawai`i were potentially adverse to one another, and therefore this Court does not find that these documents are material prepared in anticipation of litigation by a party or its representative.

        This Court further finds that the remainder of the documents produced are protected by the work product doctrine for the reasons stated below.

        The State of Hawai`i argues that the documents submitted for <u>in camera</u> review are protected under the work product doctrine.  The work product doctrine provides a qualified immunity for material prepared in anticipation of litigation by a party or its representative.  <u>See</u> <u>Hickman v. Taylor</u>, 329 U.S. 495 (1947).  In order to be protected under the work product doctrine, the material must meet the following conditions: (1) be a document or tangible thing; (2) be prepared in anticipation of litigation or for trial; and (3) be prepared by or for a party, or by or for its representative.  <u>See</u> Fed. R. Civ. P.

26(b)(3)(A). The burden of establishing work product protection lies with the proponent, and "it must be specifically raised and demonstrated rather than asserted in a blanket fashion." Yurick v. Liberty Mut. Ins. Co., 201 F.R.D. 465, 472 (D. Ariz. 2001) (citations omitted).

There are two types of work product: fact work product, "written or oral information transmitted to the attorney and recorded as conveyed by the client"; and opinion work product, "any material reflecting the attorney's mental impressions, opinions, conclusions, judgments, or legal theories." In re Columbia/HCA Healthcare Corp. Billing Practices Litig., 293 F.3d 289, 294 (6th Cir. 2002) (citations and quotation marks omitted). The protection accorded fact work product can be pierced where the opposing party can demonstrate that: (1) the information is otherwise discoverable under Rule 26(b)(1); (2) he has a substantial need for the information; and (3) he cannot otherwise obtain the substantial equivalent of the work product without undue hardship. See Rule 26(b)(3)(A). Opinion work product, however, is afforded greater protection. See Rule 26(b)(3)(B) ("If the court orders discovery of those materials, it must protect against disclosure of the mental impressions, conclusions, opinions, or legal theories of a party's attorney or other representative concerning the litigation.").

The majority of the documents contained in the

3

submission fall within the category of fact work product.  This Court is satisfied that these documents were produced in anticipation of litigation; that is, a possible criminal prosecution.  With the exception of the documents that this Court has determined should be produced, the documents submitted were prepared by the State of Hawai`i or its agents in preparation for and investigation of a possible criminal prosecution.  Additionally, some of the documents (specifically 000601-612) contain opinion work product and thus should be afforded even greater protection.

## CONCLUSION

For the foregoing reasons, this Court orders the State of Hawai`i to produce copies of the documents described by no later than December 27, 2007.  The documents that this Court has determined are protected by the work product doctrine shall not be produced.  In addition, the documents and privilege log submitted for <u>in camera</u> review shall be sealed and filed in the above matter, and the parties shall not have access to these materials without first obtaining court approval.  Mr. Cook's cover letter dated December 6, 2007 shall be filed as correspondence in the court files in this matter.

IT IS SO ORDERED.

4

DATED AT HONOLULU, HAWAI`I, December 14, 2007.



   /S/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States Magistrate Judge

**KING C. LUM V. KAUAI COUNTY COUNCIL, ET AL; CIVIL NO. 06-00068 SOM-LEK; DISCOVERY ORDER**